IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ACKERBERG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITICORP USA, INC., CITICORP NORTH AMERICA, INC., CITICORP CREDIT SERVICES, INC. (USA); and DOES 1-50, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 12-3484<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

On July 16, 2012, plaintiff Susan Ackerberg filed a motion to remand this case to Sonoma County Superior Court. Dkt. 6. Defendants Citicorp USA, Inc., Citicorp North America, Inc., and Citicorp Credit Services, Inc. filed an opposition on July 30, 2012. Plaintiff filed a reply on August 7, 2012. A hearing is scheduled for this motion on August 30, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having read the parties' arguments, and for good cause shown, the Court DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff is a 65-year old woman who filed a complaint in Sonoma County Superior Court on April 16, 2012, alleging that defendants harassed and intimidated her in an attempt to collect on a credit

card debt. *See* Dkt. 1 (Not. of Removal), Ex. A (Complaint), at 3-5. Plaintiff alleges that the debts on a Sears credit card issued by defendants were the result of fraudulent usage of the card, and that even after informing the defendants that the charges on her account were fraudulent, defendants "engaged in harassing and intimidating behavior demanding that Plaintiff pay[] them for the disputed amount." *Id.* at 4-5. This included multiple phone calls a day, as well as mailed statements demanding payment. *Id.* Plaintiff further alleges that the negative credit report stemming from the unpaid debt has caused another creditor to reduce her credit line. *Id.* Defendants' activities have caused plaintiff to have a nervous breakdown. *Id.* Plaintiff alleges violations of the Song-Beverly Credit Card Act of 1971 (Cal. Civ. Code §§ 1747, et seq.) and California's Elder Abuse Statute (Cal. Welf. and Inst. Code § 15610), and seeks declaratory relief, as well as statutory and actual damages stemming from her pain, mental suffering, and emotional distress. *Id.* at 6-9.

The complaint was served on defendants on April 30, 2012. *See* Moritz Decl. ¶ 2. On May 29, 2012, defendants' counsel requested from plaintiff an extension of time by which to answer the complaint, and inquired about settlement. *See* Moritz Decl. ¶ 3. Plaintiff agreed to extend the time for answer until June 14, 2012. Pl.'s Mot., Ex. A. On June 6, 2012, plaintiff sent defendants a settlement demand in the amount of $200,000. *See* Moritz Decl., Ex. 2 at 7. According to defendants, this was the first indication that the amount in controversy was in excess of $75,000. Mortiz Decl. ¶ 4. On June 28, 2012, plaintiff filed a Motion for Leave to File Amendment to Complaint to Substitute True Name of Doe Defendant, replacing the Doe #1 defendant with Citibank, N.A. *See* Notice of Def.'s Submission of Add'l Docs., Dkt. 9, Ex. C at 2.

On July 5, 2012, defendants filed a Notice of Removal in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Dkt. 1. Defendants attached to the Notice of Removal the complaint and their answer, but did not attach plaintiff's April 16, 2012 Summons, the state court Civil Case Cover Sheet, or plaintiff's June 28, 2012 Motion for Leave to File Amendment. *See id.* On July 16, 2012, plaintiff filed the instant Motion to Remand, arguing that defendants' failure to attach the aforementioned documents represented an incurable procedural defect in the removal, and therefore, the Court must remand the case to state court. *See* Pl.'s Mot. to Remand ("Pl.'s Mot.") at 4. The next day, defendant filed a "Notice of Defendants' Submission of Additional State-Court Documents," attaching

2

the missing documents. On July 30, 2012, defendants filed their opposition to the motion to remand.

## LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446. That statute provides that, "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." § 1446(a). Subsection (b) provides that the notice shall be filed within 30 days after the receipt by the defendant of the summons or complaint. *Id.*

A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. *See* 28 U.S.C. § 1447(c); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of demonstrating that removal was proper. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The removal statutes are strictly construed, and doubts about the propriety of removal are resolved in favor of remand. *Id.* at 690; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

Plaintiff argues that remand is necessary for two reasons. First, plaintiff argues that because defendants failed to attach various documents to the Notice of Removal, removal was incurably defective and remand is warranted. Second, plaintiff argues that defendants' removal was untimely, because it occurred more than 30 days from the filing of the complaint, and that defendant should have known from the face of the complaint that the amount in controversy was greater than $75,000. Plaintiff's arguments will be addressed in turn.

**1.    Procedural Defects in Removal Notice**

Removal procedure is governed by 28 U.S.C. § 1446, which requires that a defendant seeking removal "shall file . . . a short and plain statement of the grounds for removal, together with a copy of *all* process, pleadings, and orders" from the state action. § 1446(a) (emphasis added). Defendants do not dispute that they failed to provide three required documents to this Court within the 30-day removal period.[1] They argue, however, that technical or procedural defects in removal are curable, and argue that they "cured" the error by submitting the missing documents to the Court the day after plaintiff filed the instant motion. Def.'s Opp. at 4 (*citing* Dkt. 9). Plaintiff, on the other hand, argues that this type of procedural defect is "fatal and cannot be cured." Pl.'s Mot. at 4-6 (*citing Andalusia Enterprises, Inc. v. Evanston Insurance Co.*, 487 F. Supp. 2d 1290 (N.D. Ala. 2007) (remanding case after noting that the removal statute uses the phrase "*shall* file . . . all process, pleadings, and orders," and concluding that failure to attach summons within 30 day removal period was an "insurmountable procedural shortcoming."); *Durand v. The Hartford Life & Acc. Ins. Co.*, 2007 WL 1395336, *1 (D. Co. May 9, 2007) (remanding case due to defendants' failure to attach summons to notice of removal)).

While plaintiff is correct that a few courts have held that failure to provide every required document along with the notice of removal is an incurable defect, the majority of courts – including those in this Circuit – have held otherwise. *See Kosen v. Ruffing*, 2009 WL 56040, *9-10 (S.D. Cal. Jan. 7, 2009); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005). In

---

[1]The exact removal period is discussed in the next section; even using the later period, defendants' submission of the three documents was after it had closed.

4

*Kosen v. Ruffing*, Judge Burns reviewed a number of cases addressing this issue from around the country and concluded that the "majority view" holds that the failure to attach the process and pleadings to the Notice of Removal is a "technical defect[] that do[es] not deprive the court of jurisdiction." 2009 WL 56040 at *10 (S.D. Cal. Jan. 7, 2009) (denying remand); *citing, e.g.,Yellow Transp.*, 406 F. Supp. 2d. at 1215 (denying remand where defendant failed to attach summons to the removal papers because error was inadvertent, did not burden the court, did not reflect a complete failure to follow removal procedure, and there was no prejudice to the plaintiff.). The Fifth, Seventh, and Eleventh Circuits have held the same. *See id.*, *citing* 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3733, at 350-51 (3d. ed. 1998). Analogously, in reference to the statutory time limit for removal petitions, the Ninth Circuit has held that procedural requirements in removal are "formal and modal and [] not jurisdictional." *Fristoe v. Reynolds Metals Co.*, 615 F.3d 1209, 1212 (9th Cir. 1980).

This Court agrees with the majority of courts that have addressed this issue, and finds that defendants' failure to provide the summons, civil case cover sheet, and plaintiff's Motion for Leave to File an Amendment to the Complaint was a technical defect that does not strip this Court of jurisdiction. Defendants sufficiently cured the error by promptly filing the documents with the Court, even though the 30-day removal period had closed.

## 2.    **Removal Period**

Section 1446 states that the notice of removal must be filed within 30 days of the receipt by the defendant of a summons or complaint. § 1446(b). Subsection (b)(3) states that "if the case by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The Ninth Circuit has construed this requirement to mean that the "thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005). Otherwise, the 30-day clock begins when it becomes "apparent" that the case has become removable by "an amended pleading, motion, order or

5

1 other paper." *Id.* at 696; § 1446(b)(3).

2 Here, the complaint was served on April 30, 2012. The complaint nowhere states the amount
3 in controversy. On June 6, 2012, in response to defendants' inquiry regarding settlement, plaintiff sent
4 a settlement letter offering to settle this dispute for $200,000. Defendants argue that this was the first
5 indication to them that plaintiff believed that the amount in controversy was in excess of $75,000, the
6 necessary amount for diversity jurisdiction. Moritz Decl. ¶ 4; *see* 28 U.S.C. 1332(a). Within 30 days
7 of the receipt of the settlement letter, on July 5, 2012, defendants filed a notice of removal.

8 Plaintiff argues that though her complaint does not state the amount in controversy on its face,
9 defendants' counsel should have been able to "clearly ascertain" the amount in controversy from the
10 facts. Pl.'s Mot. at 7 (*citing Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (E.D. Mich. 1979))
11 ("When the defendant should clearly ascertain from the circumstances and the original complaint that
12 the case is removable, the defendant must remove, if at all, within 30 days of receipt of that
13 complaint.").

14 Plaintiff contends that defendants' counsel are "seasoned veterans of many such credit card
15 actions and it appears unlikely that they could have been unaware of [the] value of the instant case given
16 such experience." Pl.'s Mot. at 7. Plaintiff notes that a similar case, *Young v. Bank of America*, fetched
17 a $50,000 award in 1983, and that given inflation, the amount "easily satisfies the amount in controversy
18 of today's Federal Courts." *Id.* (*citing Young*, 141 Cal. App. 3d 108 (1983)).

19 The Court disagrees. In *Harris*, the Ninth Circuit rejected the argument that a case becomes
20 removable where the initial pleading provides a "clue" as to removability. 425 F.3d at 696. The court
21 instead held that "jurisdictional and procedural interests [are] served by a bright-line approach" that
22 looks only at the face of the complaint. *Id.*; *see also Svoboda v. Deutsche Bank Secs., Inc.*, 2010 WL
23 3077101, *4-5 (N.D. Cal. Aug. 6, 2010) (Spero, M.J.) (holding that even where plaintiff had offered a
24 $600,000 settlement prior to filing a complaint without an explicit amount in controversy, the 30-day
25 clock did not begin until plaintiff claimed $900,000 in damages four months later in discovery). Here,
26 the complaint does not provide any explicit statement regarding the amount in controversy. The fact
27 that the amount in controversy exceeds $75,000 did not become apparent until the June 6, 2012
28 settlement letter. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter

is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). By filing the notice of removal within 30 days of the letter, defendants' removal was timely.

**CONCLUSION**

The Court finds that defendants' failure to attach three documents to the notice of removal does not deprive the Court of jurisdiction. The Court also finds that defendants' removal of this case within 30 days of plaintiff's settlement offer was timely. Plaintiff's motion for remand is DENIED.

IT IS SO ORDERED.

Dated: August 23, 2012

SUSAN ILLSTON
United States District Judge