IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ACKERBERG,<br><br>        Plaintiff,<br><br>   v.<br><br>CITICORP USA, INC., CITICORP NORTH AMERICA, INC., CITICORP CREDIT SERVICES, INC. (USA); and DOES 1-50, et al.,<br><br>        Defendants.<br>_____/ | No. C 12-3484-SI<br><br>**ORDER RESCHEDULING HEARING AND DIRECTING SUPPLEMENTAL BRIEFING** |

On August 3, 2012 defendants filed a motion to compel arbitration and stay this action on the basis of a purportedly-operative arbitration clause located in the most recent version of the credit-card agreement between the parties. In her August 18, 2012 opposition, plaintiff argues that limited discovery is necessary to determine whether there was valid contractual assent to the arbitration clause. On August 24, 2012 defendants filed a reply arguing that there was no evidence in the record to support plaintiff's contention that plaintiff never assented to the arbitration clause. However, both plaintiff and defendant failed to attach, and the record does not contain, the original credit-card agreement or any subsequent modification(s) thereof between plaintiff and defendants (and/or defendants' predecessor(s)-in-interest).

As both parties acknowledge, the original credit-card agreement and subsequent modifications are central to this Court's ability to address the right of either party to modify the original agreement, and, consequently, to determine the enforceability of the arbitration clause and the choice-of-law provision. *See* Dkts. 20 ast 2-3, 11-12; 22 at 4-5.

The Court therefore directs the parties to submit evidence of the original credit-card agreement and any subsequent modification(s) thereof between the parties (or defendants' predecessor(s)-in-interest), along with supplemental briefing on the issue of plaintiff's assent (vel non) to the arbitration clause or other modifications. **Plaintiff is hereby ORDERED to file a sur-reply, no later than Monday, September 17, 2012, at 5:00 p.m.**, attaching any and all relevant documents in her possession evidencing the original credit-card agreement and subsequent modification(s) thereof and discussing whether there was valid contractual assent to the arbitration agreement and choice-of-law provision included in said modification(s). If plaintiff does not possess the relevant documents, then plaintiff may discuss whether limited discovery is appropriate to obtain said documents from defendants. **Defendants' reply, if any is due no later than Friday, September 21, 2012, at 5:00 p.m.**, attaching any and all documents they believe would develop the evidentiary record with regard to the original credit-card agreement and any subsequent modification(s) thereof, such that limited discovery would not be appropriate.

**The hearing on defendants' motion to compel arbitration and stay, currently set for September 14, 2012, is RESCHEDULED to Friday September 28, 2012, at 9:00 a.m.**

**IT IS SO ORDERED.**

Dated: September 12, 2012

_____
SUSAN ILLSTON
United States District Judge